UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GIROD LOANCO, LLC**                              **CIVIL ACTION**

**VERSUS**                                        **NO. 24-CV-2366**

**HENRY L. KLEIN**                                 **SECTION: D(5)**

ORDER AND REASONS

Before the Court is a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 filed by Plaintiff Girod LoanCo., LLC ("Girod").[1] Defendants Henry L. Klein ("Klein") opposes the Motion.[2] Girod filed a reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES without prejudice** the Motion and **REMANDS** this matter to the Civil District Court for the Parish of Orleans, State of Louisiana.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On June 15, 2021, Girod filed a Petition on Guaranty against Klein in Civil District Court for the Parish of Orleans, State of Louisiana, to recover a post-foreclosure sale balance owed to Girod by Klein as the guarantor of a promissory note.[4] The state court entered a final judgment on July 7, 2023, which directed Klein to pay $317,185.47 to Girod.[5] The parties conducted post-judgment discovery, during which Girod issued a third-party subpoena duces tecum to Michael N. Pittman inquiring about potential assets for enforcement of the state court's judgment.[6] In

---

[1] R. Doc. 17.
[2] R. Doc. 21.
[3] R. Doc. 24.
[4] R. Doc. 27-1 at 1.
[5] *Id.* at 206.
[6] *Id.* at 325-26.

response, Michael N. Pittman, Amy Schoultz Pittman, Marcus L. Pittman III, Janet Lattanzi Pittman, Pittman Assets, LLC, Pittman Assets MSSC, LLC, Ozone Properties, LLC, Medical Center Diagnostics, LLC, Shadrock Enterprises, LLC, Bullet Advertising, LLC, Hermes Health Alliance, LLC, the Michael Norton Pittman Family Trust, "and any members, managers, trustee, employees, attorneys, agents, or representative thereof" (the "Pittmans") filed a Motion to Intervene and Enroll Counsel, which the state court denied.[7] October 1, 2024, two days before scheduled hearings on a motion to enforce the subpoena against Michael N. Pittman and a motion to compel filed against Klein, Klein and the Pittmans, through their attorney John H. Musser IV, removed this case to this Court, alleging that the state court's denial of the Motion to Intervene made this case removable.[8] After finding that the Notice of Removal did not state a basis for subject matter jurisdiction, the Court ordered Klein to file an Amended Notice of Removal, allowing him a further opportunity to properly allege the basis for this Court's subject matter jurisdiction.[9] The Order was directed at Klein alone because the Pittmans, who never successfully intervened in this case, are not parties to this suit.

Following the Court's Order, Girod filed the instant Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (the "Motion for Sanctions").[10] In it, Girod seeks sanctions against Klein, Musser, and the Pittmans.[11] Girod argues that

---

[7] *Id.* at 363-66.
[8] R. Docs. 1 at ¶¶ 7-16 and 27-1 at 377, 381.
[9] *Id.*
[10] R. Doc. 17.
[11] R. Doc. 17-1 at 18.

sanctions are appropriate because the removal of this matter violates Federal Rule of Civil Procedure 11 because Klein and Musser "knew that that [sic] the factual allegations in the Notice of Removal did not have evidentiary support and were not likely to have evidentiary support after further investigation."[12]  Specifically, Girod argues that (1) Klein and Musser misrepresented that the Pittmans are intervening defendants because the Notice of Removal contains copies of the state court's order denying the Pittmans' Motion to Intervene; and (2) the Notice of Removal fails to assert any legitimate basis for subject matter jurisdiction.[13]  Girod argues that "dismissal of the notice of removal, remand of this action, imposition of monetary sanctions, and an award of attorneys' fees and costs to Girod are appropriate sanctions for the Rule 11 violations."[14]

On November 7, 2024, in a response to the Court's Order of October 17, 2024, Klein filed a Comprehensive Notice of Removal, amending the original Notice of Removal, in which he alleged that this Court has subject matter jurisdiction pursuant to diversity jurisdiction and federal question jurisdiction.[15]

Thereafter, Klein filed an opposition to Girod's Motion for Sanctions, arguing that the Motion, which Klein argues attacks the original and not the Comprehensive Notice of Removal, should be stricken from the record.[16]  Klein then urges the Court to grant his pending Motion to Consolidate and appears to argue that without

---

[12] *Id.* at 7 (citing FED. R. CIV. P. 11(b)(3)).
[13] *Id.* at 7–13.
[14] *Id.* at 13 (cleaned up).
[15] R. Doc. 18 at ¶¶ 1, 10.
[16] R. Doc. 21 at 2.

consolidation, Klein is unable to address certain arguments and/or issues in this case.[17] Specifically, Klein appears to argue that the Motion for a Rule 57 Speedy Hearing pending in *Hermes Health Alliance v. Girod Titling Trust* (24-2161-WBV-MBN, E.D. La), the case with which Klein hopes to consolidate this case, will resolve the issues raised by Girod in its Motion for Sanctions.[18]

In its reply, Girod first notes that neither the Pittmans nor Musser oppose Girod's Motion and that Klein does not oppose the substance of the Motion.[19] Girod then insists that sanctions remain appropriate in light of the Comprehensive Notice of Removal, because the grounds on which Girod seeks sanctions also exist in the Comprehensive Notice of Removal.[20] Specifically, according to Girod, the Comprehensive Notice of Removal, like the original Notice of Removal, makes false statements and fails to state factual allegations supporting the Court's jurisdiction over this matter.[21] [22]

## II. LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure governs the imposition of sanctions for improper or vexatious pleadings by a party. "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting,

---

[17] *Id.*
[18] *Id.* at 3-7.
[19] R. Doc. 24 at 2.
[20] *Id.*
[21] *Id.* at 4.
[22] During the Court's consideration of the instant matter, Girod filed a Motion to Remand to State Court, which is currently set for submission on December 24, 2024. R. Doc. 29. To the extent that the Motion seeks remand, the Motion is mooted by this Order and Reasons. However, to the extent that Girod's Motion to Remand to State Court seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), the Motion remains pending and is set for submission on December 24, 2024. To be clear, should Klein wish to respond to Girod's Motion, he should address only the request for attorney's fees and costs.

or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[23]  A party seeking sanctions must file a motion for sanctions separately from any other motion describing "the specific conduct that allegedly violates Rule 11(b)."[24]  Importantly, any motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[25]

## III.   ANALYSIS

### A. Whether Girod's Motion for Sanctions Is Procedurally Proper

As an initial matter, the Court declines to strike Girod's Motion for Sanctions. Federal Rule of Civil Procedure 12 allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter."[26]  Klein's argument in support of striking the Motion is essentially that it is moot in light of the Comprehensive Notice of Removal.  Even if this presented a circumstance under which the Court could strike a matter, however, Girod insists that the allegations and deficiencies with which

---

[23] FED. R. CIV. P. 11(b).
[24] FED. R. CIV. P. 11(c)(2).
[25] *Id.*
[26] FED. R. CIV. P. 12(f).

Girod originally took issue also exist in the Comprehensive Notice of Removal. Accordingly, the Court will consider the Motion for Sanctions.[27]

Before turning to the substance of Girod's Motion, however, the Court must consider whether Girod complied with the requirements of Rule 11 in filing its Motion for Sanctions. As explained above, Rule 11 requires that a motion for sanctions must be served pursuant to Rule 5 and may not be filed until at least twenty-one days after service.[28] "This 'safe harbor' provision in Rule 11 is a mandatory prerequisite for a Rule 11 motion."[29] "To fully comply with the 'safe harbor' provision, the motion served and filed must be identical."[30]

Here, Girod fails to meet its burden to show that it complied with the requirements of Rule 11. It attaches to its Motion an exhibit titled "Rule 11 Letter."[31] Aside from the heading, which reads "Via U.S. Mail & E-Mail," there is nothing in the record indicating that the letter was sent to Klein—much less in compliance with Rule 5. Moreover, there is nothing to show that Girod sent Klein an identical copy of the Motion. At the close of the letter, Girod writes "[i]f you do not dismiss the Notice of Removal within twenty-one (21) days of the date of this letter Girod will seek relief

---

[27] *See New World Int'l, Inc. v. Ford Glob. Techs.*, LLC, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017) ("Plaintiffs argue that Defendants' Motion for Sanctions was specifically directed towards the original, now-superseded Complaint, and therefore it should be denied as moot, because the original Complaint has no current legal effect. The Court disagrees. Defendants' Motion for Sanctions alleged that Plaintiffs unnecessarily multiplied and extended litigation by refiling the identical declaratory judgment claims on the '299 and '685 patents that were previously dismissed, a concern that applies with equal force to the Amended Complaint, which asserts the same declaratory judgment claims as did the original Complaint.") (internal citations omitted).
[28] *Id.*
[29] *Uptown Grill, LLC v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 388 (5th Cir. 2022).
[30] *Suanphairin v. Ataya*, No. 23-CV-3346, 2024 WL 4289573, at *11 (E.D. La. Sept. 25, 2024) (citing *Uptown Grill*, 46 F.4th at 389).
[31] R. Doc. 17-2 at 2.

against you and your client as detailed in the enclosed draft Rule 11 Motion for Sanctions."[32] Girod does not attach the draft Motion, however. Without the benefit of the purported attachment, the Court cannot be sure that the identicality requirement has been met.[33] For this reason, the Court denies without prejudice Girod's Motion for Sanctions.

### B. Whether the Court Has Subject Matter Jurisdiction Over this Matter

The Court notes that one of the arguments raised in Girod's Motion for Sanctions is that removal was improper because the Court does not have subject matter jurisdiction over this matter. The Court, in its Order of October 17, 2024, already recognized its independent obligation to ensure that it had subject matter jurisdiction, stating, "To be clear, if the Court determines that it lacks subject matter jurisdiction, the Court must, on its own, remand this matter."[34] Taking into consideration Klein's Comprehensive Amended Notice of Removal,[35] the Court sponte considers whether this matter should be remanded for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states."[36]

---

[32] *Id.* at 5.
[33] *Suanphairin*, 2024 WL 4289573, at *11 ("To establish 'identicality,' the party seeking sanctions should append to its *filed* motion the motion it *served* the opposing party."); *see also Horton v. Tex. Fed'n for Child. PAC, Inc.*, No. 22-CV-2736, 2024 WL 2754042, at *3 n.2 (N.D. Tex. May 29, 2024) (reasoning that movant failed to comply with Rule 11(c)(2)'s "safe harbor" provision because the movant did not append to its sanctions motion the motion it served on the opposing party, precluding the court from confirming that the motion served and the motion filed were identical).
[34] R. Doc. 11.
[35] R. Doc. 18.
[36] *Quinn v. Guerreo*, 863 F.3d 353, 358 (5th Cir. 2017) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)).

"The burden of subject matter jurisdiction lies with the party asserting jurisdiction, and it must be proved by a preponderance of the evidence."[37] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[38] "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'"[39]

### i. Whether the Court May Exercise Diversity Jurisdiction Over This Matter

Klein's first purported basis for jurisdiction is diversity jurisdiction. Diversity jurisdiction gives federal courts original jurisdiction over actions arising between citizens of different states and in which the amount in controversy exceeds $75,000.[40] The Court notes Girod's argument that Klein's invocation of diversity jurisdiction is untimely. The Court need not address this argument, however, because if it is timely, Klein fails to establish diversity jurisdiction. Klein states that the amount in controversy is over $317,185 and that Klein, a citizen of Louisiana, is completely diverse from Girod, which Klein alleges "may not be a citizen of **any** state."[41] It is well established, however, that "the presence of a single stateless entity as a party to a suit destroys complete diversity."[42] Thus, if Girod is indeed stateless, diversity is destroyed. And if Girod is a citizen of a state, Klein has failed to properly allege its citizenship, and the Court is therefore unable to assess diversity. Under either

---

[37] *In re S. Recycling, LLC*, 982 F.3d 374, 379 (5th Cir. 2020).
[38] FED. R. CIV. P. 12(h)(3).
[39] *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[40] 28 U.S.C. § 1332.
[41] R. Doc. 18 at ¶ ..
[42] *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020).

scenario, it is removing Defendant's burden, and he has failed to meet his burden to show that this Court has diversity jurisdiction over this matter.

### ii. Whether the Court May Exercise Federal Question Jurisdiction Over This Matter

Klein also argues that the Court has federal question jurisdiction. Although it is not entirely clear, Klein appears to be invoking federal question jurisdiction in response to the state court's "failure . . . to make the declarations sought."[43] Klein then asks the Court to hold a hearing to determine:

1. Whether Louisiana Revised Statute 12:1354 is a law passed for the protection of the public interest;
2. Whether the November 13, 2017 sale of 244 FNBC loans by the FDIC to Girod constituted "transacting business" requiring qualification pursuant to Louisiana Revised Statute 12:1354;
3. Whether Girod and/or Girod Titling Trust was exempted from complying with Louisiana Revised Statute 12:1354; and
4. That all judicial demands filed in any Louisiana court by Girod or Girod Titling Trust are absolute nullities pursuant to Article 7 of the Louisiana Civil Code.[44]

Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff pleads only a state law cause of action."[45] "A case pleading only state law claims may arise under federal law 'where the vindication of a right under state law necessarily turns

---

[43] R. Doc. 18 at ¶ 20.
[44] *Id.* at ¶ 26.
[45] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

on some construction of federal law.'"[46] Moreover, "a defense that raises a federal question is inadequate to confer federal jurisdiction."[47]

The Petition in this case is one for enforcement of a promissory note. Even if such an action did arise under federal law, however, the *Rooker-Feldman* doctrine would bar the exercise of subject matter jurisdiction. "Reduced to its essence, the *Rooker-Feldman* doctrine 'holds that inferior federal courts do not have the power to modify or reverse state court judgments.'"[48] "The doctrine applies where: 1) the plaintiff loses in the state court proceeding, 2) the plaintiff's complaint alleges the state court judgment causes an injury, 3) the judgment was rendered before federal proceedings commenced; and 4) the plaintiff seeks review and rejection of the state court judgment."[49]

Each of these elements are plainly met here. As to the first element, the state court's July 7, 2023 order granting summary judgment was both a final judgment under Louisiana law and adverse to Klein, against whom summary judgment was granted.[50] Second, Klein appears to allege that the state court litigation, including the final judgment, caused injuries. While Klein frames these injuries as injuries to the Pittmans, the Pittmans were not parties to the state court lawsuit. Therefore,

---

[46] *Id.* (quoting *Franchise Tax Bd. v. Const. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)) (internal quotations and brackets omitted).
[47] *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)) (internal quotations omitted) (cleaned up).
[48] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004).
[49] *Williams v. Trosclair*, 627 F.Supp.3d 594, 603 (E.D. La. Sept. 14, 2022) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).
[50] R. Doc. 27-1 at 206 ("This is a final appealable judgment.").

10

any injury must have been to Klein. Third, the state court judgment was rendered on July 7, 2023—well before this matter was removed on October 1, 2024.[51]

Finally, Klein's chief complaint is that the state court erred in issuing a judgment against Klein. Klein's Comprehensive Notice of Removal makes a number of references to actions taken against the Pittmans. It appears that that what Klein really seeks is the reversal of the state court judgment by his request that the Court declare "that any judicial demands filed in any Louisiana court of law by Girod LoanCo, LLC or Girod Titling Trust are absolute nullities."[52] Such a prayer for relief is nothing more than an invitation to reject the state court's judgment. And even if this was not Klein's chief prayer, this suit would still be barred by the *Rooker-Feldman* doctrine. Klein "cannot circumvent [the *Rooker-Feldman* doctrine] by asserting claims not raised in the state court proceedings or claims framed as original claims for relief," because "these claims are 'inextricably intertwined' with [the] state judgment[.]"[53] Such a maneuver would necessarily require this Court to review the July 7, 2023 state court judgment, "and the originality of the district court's jurisdiction precludes such a review."[54] This prong, therefore, like the others, is met.

Finally, to the extent Klein attempts to couch his claims as some kind of broad violation of his rights by the state court, such a claim does not confer subject matter jurisdiction on the Court.

---

[51] R. Docs. 1 and 27-1 at 206.
[52] R. Doc. 27-1 at 206.
[53] *Heisler v. Girod LoanCo, LLC*, No. 21-CV-1343, 2021 WL 4125057, at *3 (E.D. La. Sept. 9, 2021) (citing *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009)) (internal quotations omitted).
[54] *Id.* (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)) (internal quotations omitted).

> Constitutional questions arising in state proceedings are to be resolved by state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule.[55]

Under any of these theories, Klein has failed to establish that this Court has subject matter jurisdiction, and the Court therefore must remand this matter.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Girod LoanCo. LLC's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11[56] is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Defendant Henry L. Klein's Motion to Consolidate Cases[57] is **DENIED AS MOOT**.

New Orleans, Louisiana, December 4, 2024.

*[signature: Wendy B. Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[55] *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).
[56] R. Doc. 17.
[57] R. Doc. 16.