UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIROD LOANCO, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-CV-2366** |
| **HENRY L. KLEIN** | **SECTION: D(5)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand to State Court filed by Plaintiff Girod LoanCo, LLC ("Girod").[1] Defendant Henry L. Klein ("Klein") did not file an opposition to the Motion. After careful consideration of Girod's memorandum, the record, and the applicable law, the Court **GRANTS** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND[2]

This case arises out of Girod's efforts to recover a post-foreclosure sale balance owed to Girod by Klein as the guarantor of a promissory note.[3] Following the July 7, 2023 state court judgment directing Klein to pay $317,185.47 to Girod, the parties engaged in post-judgment discovery.[4] October 1, 2024, two days before a scheduled hearing on a motion to compel filed against Klein, Klein removed this case to this Court.[5] After finding that the Notice of Removal did not state a basis for subject matter jurisdiction, the Court ordered Klein to file an amended notice of removal, allowing him an opportunity to properly allege

---

[1] R. Doc. 29.
[2] The Court has previously outlined the events that gave rise to this suit in a prior Order and Reasons. *See* R. Doc. 30. For that reason, the Court details only the information relevant to the instant Motion to Remand to State Court.
[3] R. Docs. 27-1 at 1 and 30 at 1-2.
[4] *Id.* at 206.
[5] R. Docs. 1 at ¶¶ 7-16 and 27-1 at 377, 381.

the basis for this Court's subject matter jurisdiction.[6] Klein filed a Comprehensive Notice of Removal on November 7, 2024, in which he invoked diversity jurisdiction and federal question jurisdiction.[7]

On November 11, 2024, Girod filed a Motion for Sanctions, which sought, among other thing, remand as a sanction against Klein.[8] On December 4, 2024, this Court denied Girod's Motion for Sanctions but nevertheless remanded this case for lack of subject matter jurisdiction.[9] Hours before the Court issued its Order and Reasons remanding the case, however, Girod filed the instant Motion to Remand to State Court, which, in addition to seeking remand, asks the Court to impose attorney's fees and costs against Klein.[10] In support of its request for attorney's fees and costs, Girod argues that Klein knew he lacked an objectively reasonable basis for removal—in part due to his failed attempts at removing other cases on similar grounds—and that removal was merely a means of delaying the October 3, 2024 state court hearing on Girod's motion against Klein.[11]

In its Order and Reasons remanding this case, the Court noted that Girod's Motion to Remand to State Court was moot to the extent it sought remand but that the Motion remained pending to the extent it sought attorney's fees and costs.[12] The same day the Court ordered this matter remanded, Klein filed a Motion to Take Judicial Notice of Legal

---

[6] *Id*. Hermes Health Alliance, LLC, Pittman Assets, LLC, Pittman Assets MSSC, LLC, Ozone Properties, LLC, Bullet Advertising, LLC, Michael Pittman, Amy Schoultz Pittman, Marcus L. Pittman III, Janet Lattanzi Pittman, and the Michael Norton Pittman Family Trust (the "Pittmans") initially filed the Notice of Removal as well. *See* R. Doc. 1. However, the Court instructed only Klein to file the amended notice of removal as the Pittmans were not parties to the suit. *See* R. Doc. 11.
[7] R. Doc. 18 at ¶¶ 1, 10.
[8] R. Doc. 17.
[9] *Id*. at 12.
[10] R. Docs. 29 and 30.
[11] R. Doc. 29-1 at 20-23.
[12] R. Doc. 30 at 4 n.22.

Matters.[13] Klein's Motion did not address the issue of remand or attorney's fees and costs, and Klein did not file an additional response or opposition to Girod's request for attorney's fees and costs.

## II.   LAW AND ANALYSIS

Title 28, United States Code, Section 1447(c) provides that a court, upon ordering remand, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "In general, 'courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'"[14] A party that "'could conclude from th[e] case law that its position was not an unreasonable one' at the time of removal" had an objectively reasonable basis for removal.[15] Costs and fees should not be ordered when a plaintiff's "conduct after removal play[ed] a substantial role in causing the case to remain in federal court."[16]

After careful consideration, the Court finds that it is appropriate to assess costs and attorney's fees against Klein. As an initial matter, despite Klein's assertions that this matter was before the Court on both diversity and federal question jurisdiction, the Court was unable to exercise jurisdiction over this matter on either basis. Federal question jurisdiction, which must be found on the face of the state court petition, failed because the Petition pleaded only state law claims for enforcement of a promissory note governed by state law.[17] Klein did not allege, nor could the Court understand, how these claims triggered

---

[13] R. Doc. 31.
[14] *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).
[15] *Id.* (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).
[16] *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).
[17] *See 1st Am. Bank & Tr. v. Marcantel*, No. 24-CV-942, 2024 WL 5088289, at *2 (M.D. La. Dec. 12, 2024).

3

federal question jurisdiction.[18]  Similarly, because Klein insisted that Girod is a stateless entity and "the presence of a single stateless entity as a party to a suit destroys complete diversity," the Court was unable to exercise diversity jurisdiction.[19]

Even if the Court had jurisdiction, however, this case would not have been eligible for removal because a final judgment had already been entered by the state court by the time Klein removed it.[20]  The Fifth Circuit has explained: "in no case have we ever approved of the removal of a proceeding that had reached a truly final state court judgment—that is, where the state court judgment was no longer subject to modification by the rendering court or subject to further direct appellate review."[21]  This matter, for which a final judgment had been entered more than one year prior to removal, was simply not removable.[22]

While these bases alone would be enough to assess fees and costs against Klein, the Court draws attention to Klein's history of filing baseless removals.  In *Quinn v. Palmer*, Klein removed a case to another Section of this Court, alleging that the state court's handling of the matter gave rise to federal jurisdiction.[23]  In granting the plaintiff's motion to remand, Judge Ashe rejected the defendants' bases for federal jurisdiction, finding that the court could not exercise federal jurisdiction when the action was based entirely on state law and "[t]he gravamen of Defendants' claimed federal question jurisdiction is that they have been and are being treated unfairly in the Louisiana state court system."[24]  Two years later, Mr. Klein faced a similar decision in *Girod LoanCo , LLC v. Heisler*, which, much like

---

[18] *See id.*
[19] R. Doc. 30 at 8 (citing *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020)).
[20] *See* R. Doc. 27-1 at 206 ("This is a final appealable judgment.").
[21] *Oviedo v. Hallbauer*, 655 F.3d 419, 423 (5th Cir. 2011).
[22] *See id.*
[23] No. 18-CV-6999, 2018 WL 6630204 (E.D. La. Dec. 19, 2018).
[24] *Id.* at *3-4.

this case, involved the removal of a case borne out of a "Verified Petition for Foreclosure by Executory Process."[25] In *Heisler*, Chief Judge Brown granted the plaintiff's motion to remand,[26] finding that the foreclosure proceeding at issue in that case concerned state and not federal law.[27] Most recently, in *Girod Titling Trust v. Pittman Assets, LLC*, a case before this Section of the Court, Klein, as an attorney for defendants, removed to this Court mere minutes before the scheduled sheriff's sale for the property at the subject of the foreclosure action from which Klein's clients sought relief.[28]

Based on the foregoing, the Court finds that not only was removal baseless given the pleadings in this matter, but that Mr. Klein knew his arguments lacked validity based on prior court decisions. As the Court explained in *Pittman Assets*:

> Baseless removals such as this one come at a significant cost to plaintiffs, whose time and money is wasted defending such removals, as well as to courts, which must allocate their limited resources to ensuring that they have federal jurisdiction over the cases before them. To say that much ink has been spilled in this matter would be an understatement. To safeguard against future removals which lack an objectively reasonable basis such as this one, the Court exercises its discretion and awards cost and attorney's fees.[29]

Klein has demonstrated, in this case and others, a pattern of eleventh hour removals of cases over which federal courts do not have subject matter jurisdiction, seemingly for the

---

[25] No. 19-CV-13150, 2019 WL 7047282 (E.D. La. Dec. 23, 2019).
[26] This is more appropriately referred to as the second motion to remand. Klein removed *Heisler* to this Court on March 14, 2019, alleging diversity jurisdiction; Chief Judge Brown granted the plaintiff's motion on June 5, 2019. Four months later, Mr. Klein re-removed the same matter to this Court, alleging federal question jurisdiction; Chief Judge Brown (again) granted the plaintiff's motion to remand and ordered attorney's fees to be paid.
[27] *Id.* at *4. Additionally, as Girod points out, at least one of Klein's proffered arguments—that Girod has no right to collect on the notes and mortgage assigned to it because it is not registered in Louisiana—has been rejected by the Louisiana Fourth and Fifth Circuit Courts of Appeal and another Section of this Court. R. Docs. 20-23 and 20-24; *Heisler v. Kean Miller, LLP*, No. 21-CV-724, 2021 WL 5919507, at *6 n.70 (E.D. La. Dec. 15, 2021).
[28] *See* No. 24-CV-1993, 2024 WL 4471458 (E.D. La. Oct. 11, 2024).
[29] 2024 WL 4471458, at *9.

purpose of avoiding the effects of adverse state court rulings.  For these reasons, the Court awards attorney's fees and costs to Girod.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Girod LoanCo. LLC's Motion to Remand to State Court[30] is **GRANTED IN PART** and **DENIED IN PART**.

To the extent Girod seeks remand of this matter, the Motion is **DENIED AS MOOT as the Court previously ordered the remand of this matter to the Civil District Court for the Parish of Orleans.**[31]

To the extent Girod seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), the Motion is **GRANTED**.  Girod shall file a motion for costs and attorney's fees, detailing the amount incurred for the instant motion, within **fourteen days** of the date of this Order and Reasons.

**IT IS FURTHER ORDERED** that Defendant Henry L. Klein's Motion to Take Judicial Notice[32] is **DENIED AS MOOT**.

New Orleans, Louisiana, February 19, 2025.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[30] R. Doc. 29.
[31] R. Doc. 30.
[32] R. Doc. 31.