## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GIROD LOANCO, L.L.C.**                                    **CIVIL ACTION**

**VERSUS**                                                  **NUMBER: 24-2366**

**HENRY L. KLEIN**                                          **SECTION: "D" (5)**

### ORDER AND REASONS

Before the Court is the Motion for Attorneys' Fees (rec. doc. 36) filed by Plaintiff Girod LoanCo, L.L.C. ("Girod").[1]  Pro se Defendant Henry Klein ("Klein") filed an Opposition to the motion.  (Rec. doc. 39).  Having reviewed the pleadings and the case law, the Court rules as follows.

### I.    Background

The majority of the underlying facts are unimportant to the resolution of Girod's fees motion.[2]  In short, this case arises out of Girod's efforts to recover a post-foreclosure sale balance owed to Girod by Klein as the guarantor of a promissory note.  (Rec. doc. 33 at 1).  On July 7, 2023, the Civil District Court for the Parish of Orleans, State of Louisiana, entered a judgment directing Klein to pay $317,185.47 to Girod.  (Rec. doc. 30).  Thereafter, the parties engaged in post-judgment discovery.  *Id.*  On October 1, 2024, two days before a hearing on two of Girod's post-judgment discovery motions, Klein removed this case to this Court.  (Rec. doc. 36-1 at 5).  After the Court found that Klein's Notice of Removal did not state a basis for subject matter jurisdiction, Klein filed a Comprehensive Notice of Removal,

---

[1] The District Court referred the motion to the undersigned under 28 U.S.C. § 636(b).  (Rec. doc. 38).
[2] For a more detailed recitation of the underlying facts, see the District Court's Order and Reasons remanding this matter to state court.  (Rec. doc. 30).

asserting federal question and diversity jurisdiction.  (Rec. docs. 36-1 at 6; 27-1 at 377; 18 ¶¶ 1, 10).

On November 11, 2024, Girod filed a Motion for Sanctions seeking, among other things, remand as a sanction against Klein.  (Rec. doc. 17).  The District Court denied Girod's Motion for Sanctions but nevertheless remanded this case for lack of subject matter jurisdiction.  (Rec. doc. 30).  On the same day that the District Court issued its Order and Reasons remanding this case, Girod filed a Motion to Remand to State Court seeking remand and for the Court to impose attorney's fees and costs against Klein.  (Rec. doc. 29).  In the District Court's Order and Reasons remanding this case, it noted that Girod's Motion to Remand to State Court is moot, however, the Motion remains pending to the extent that it seeks attorney's fees and costs.  (Rec. doc. 30 at 4 n. 22).

On February 19, 2025, the District Court denied in part Girod's Motion to Remand to State Court as moot but granted in the part the Motion to the extent that Girod seeks attorney's fees and costs.  (Rec. doc. 33 at 6).  Thereafter, Girod filed the instant Motion to Fix Attorneys' Fees.  (Rec. doc 36).  In its fee motion, Girod seeks a total of $14,342.26 for 39.1 hours expended that would not have been incurred had the case remained in state court. (Rec. docs. 36; 36-3 at 4.)  In Opposition, Klein filed Response to Motion at Doc. 36 and Re-Urged Request for Oral Argument.  (Rec. doc. 39).

II.    **Law and Analysis**

A.    **Entitlement to Attorneys' Fees for Improper Removal**

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  However, "[t]here is no automatic entitlement to an award of attorney's

fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees). Rather, a court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (per curiam) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal")). The Supreme Court in *Martin* explained that "[t]he appropriate test for awarding fees under Section 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." 546 U.S. at 140. In that regard, Section 1447(c) fee awards are cost recoupments, hence punitive in policy only. *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541-42 (5th Cir. 2012)

Here, the District Court concluded:

Based on the foregoing, the Court finds that not only was removal baseless given the pleadings in this matter, but that Mr. Klein knew his arguments lacked validity based on prior court decisions. As the Court explained in Pittman Assets: "Baseless removals such as this one come at a significant cost to plaintiffs, whose time and money is wasted defending such removals, as well as to courts, which must allocate their limited resources to ensuring that they have federal jurisdiction over the cases before them. To say that much ink has been spilled in this matter would be an understatement. To safeguard against future removals which lack an objectively reasonable basis such as this one, the Court exercises its discretion and awards cost and attorney's fees." Klein has demonstrated, in this case and others, a pattern of eleventh hour removals of cases over which federal courts do not have subject matter jurisdiction, seemingly for the purpose of avoiding the effects of adverse state court rulings. For these reasons, the Court awards attorney's fees and costs to Girod.

(Rec. doc. 33 at 5–6).

Once a court determines that the removal was improper, Section 1447(c) gives a court discretion to determine what amount of costs and fees, if any, to award Girod. *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). The Fifth Circuit has interpreted the language "incurred as a result of removal" to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court. *Avitts*, 111 F.3d at 32. In calculating attorneys' fees, the Court is to calculate the lodestar, which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. *Brown v. Ascent Assur., Inc.*, 191 F. Supp. 2d 729, 731 (N.D. Miss. 2002).[3]

---

[3] As Girod's counsel previously did in similar case before this Court, it argues here that Louisiana law provides the standard of reasonableness for the award of attorney' fees and expenses. *Compare* Motion to Fix Attorneys' Fees at 7, *Girod Titling Trust v. Pittman Assets, L.L.C.*, No. 24-1993, Rec. doc. 36-1 *with* Motion to Fix Attorneys' Fees at 8, *Girod LoanCo, L.L.C. v. Henry Klein*, No. 24-2366, Rec. doc. 36-1 at 8. In that case, this Court concluded that:

> Girod argues that Louisiana law provides the standard of reasonableness for the award of attorneys' fees and costs, but this Court's review of the case law reveals otherwise. *See In re Syngenta Prods. Liab. Litig.*, No. 4:23-CV-03031, 2024 WL 2835167, at *2 (S.D. Tex. May 20, 2024), *report and recommendation adopted*, No. 4:23-CV-03031, 2024 WL 2836254 (S.D. Tex. June 4, 2024); L*otte Chem. Titan (M) Sendirian Berhad v. Wilder*, No. Civ. A. H-14-1116, 2014 WL 7151569, at *1 (S.D. Tex. Dec. 12, 2014); *Reyes v. Spur Disc. Store No. 4*, No. Civ. A. 07-2717, 2007 WL 2571905, at *1 (E.D. La. Aug. 31, 2007). Cases such as these demonstrate that federal courts in the Fifth Circuit apply the federal lodestar method after remanding state-law claims.
>
> While Girod cites to cases such as *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002), to support the proposition that the substantive law of the state that serves as the rule of decision for the substantive issues in the case also controls the award of and the reasonableness of the fees awarded, *Mathis* and the other cited cases are inapposite as they did not involve attorneys' fees for remands to state court. In *Mathis*, the Fifth Circuit resolved the substantive issues of the lawsuit under Texas state law, and, therefore applies Texas state law to resolve the fees issue. *See id.* Here, the District Court decided its federal jurisdiction and never reached the substantive issues in the lawsuit, remanding said claims to the state court for any such resolution. (Rec. doc. 35, *passim*). In other words, the District Court did not rely on Louisiana law to determine its federal subject-matter jurisdiction, and Louisiana law was in no way implicated by its decision.

Report and Recommendation re Motion to Fix Attorney Fees at 4, *Girod Titling Trust v. Pittman Assets, L.L.C.*, No. 24-1993, Rec. doc. 45. For the same reasons described above, the lodestar method applies here.

4

**B.      The Lodestar Approach**

The United States Supreme Court and the Fifth Circuit have often repeated that a request for attorneys' fees should not spawn major ancillary litigation.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Par. School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).  A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.  *Hensley*, 461 U.S. at 436-37; *Hopwood v. State of Tex.*, 236 F.3d 256, 277 n.79 (5th Cir. 2000).

To determine a reasonable fee, the Court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.  *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379.  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."  *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.  *See Hensley*, 461 U.S. at 433; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Migis v. Pearle Vision, Inc.*,

135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve *Johnson* factors.[4] *Fessler v. Porcelana Corona De Mexico, S.A. De C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (citing *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016)). "'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436). The fee applicant bears the burden of proof on the lodestar issue, but once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden. *See Fessler*, 23 F.4th at 416; *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

### 1.    Reasonable Hourly Rates

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when [he] requests that the lodestar be computed at [his] 'customary billing rate,' the rate is within the range of prevailing market rates and *the rate is not contested*." *White v. Imperial Adjustment Corp.*, No.

---

[4] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power*, 50 F.3d at 328) (emphasis added).

In its fee submission, Girod seeks fees on behalf of three attorneys from Kean Miller LLP: J. Eric Lockridge, Karli Glascock Johnson, and Kaitlyn M. Hollowell. J. Eric Lockridge is a partner in Kean Miller's Baton Rouge office with 26 years of experience. Lockridge has tried numerous cases in both federal and state courts. He regularly represents commercial clients in multi-million-dollar litigation in state and federal district courts in Louisiana and Texas, and federal bankruptcy courts in Louisiana, Texas, Colorado, New York, Delaware, and other jurisdictions. Lockridge charges $495.00/hour. Karli Glascock Johnson is also a partner in Kean Miller's Baton Rouge office with over 25 years of legal experience with complex multi-party litigation. Johnson charges $480.00/hour. Katilyn M. Hollowell is a Senior Associate in Kean Miller's Baton Rouge office with eight years of legal experience. She charges $335.00/hour. Girod attaches the recent resumes for each of the attorneys who billed hours in this lawsuit. (Rec. doc. 36-1 at 13).

When the requested hourly rate is not contested, it is *prima facie* reasonable. *See Durene v. Brinker La. Inc.*, No. 21-1568, 2022 WL 2828831, at *2 (E.D. La. Jul. 20, 2022). Although Klein filed a "Response" to the instant motion, he does not dispute Girod's counsels' requested billing rates. (Rec. doc. 39). Indeed, Klein's Response states "as to the arithmetic that computed the fees sought by Girord LoanCo, LLC, this Defendant makes no comment." (*Id.* at 1). Klein further states that he has "no basis to quibble with the GIROD numbers that add up to the $14,342.26 requested" and that if the Court finds, after reading his Response, that the law requires a payment of $14,342.26, "then (respectfully), so be it." Instead of disputing the fees that Girod seeks, the bulk of Klein's Response is spent describing reasons

he believes this case to be "tainted from the start," abnormal, and warranting oral argument. (Rec. doc. 39).  Accordingly, the requested hourly rates are prima facie reasonable.

All of the hours billed in this lawsuit occurred in late 2024.  Having reviewed the case law, the Court finds that the hourly billing rates are reasonable for this market.  *See, e.g., United States ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 675 (E.D. La. 2020) (finding in 2020 that attorneys' fees at the requested rate of $450.00 per hour for an attorney with over 25 years of experience in False Claims Act litigation and $250.00 per hour for a seven-year attorney with four years of False Claims Act experience were reasonable); *Jefferson v. Baywater Drilling, L.L.C.*, No. CV 14-1711, 2015 WL 7281612, at *1 (E.D. La. Nov. 17, 2015) (affirming magistrate judge's report and recommendation finding that rates of $500.00 and $450.00 per hour were reasonable for two attorneys with 40 years of experience in maritime litigation); *RedHawk Holdings Corp. v. Schreiber*, No. CV 17-819, 2022 WL 65860, at *5 (E.D. La. Jan. 6, 2022) (finding in 2022 $425.00 per hour reasonable for a partner with over thirty years' experience).

## 2.    **Reasonable Hours Expended**

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought.  *Hensley*, 461 U.S. at 437.  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . ."  *Id.* at 434. Hours that are not properly billed to one's client are not properly billed to one's adversary. *Id.*  The Supreme Court calls on fee applicants to make a fee request that demonstrates "billing judgment."  *Id.*  The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended.  *Id.* at 434; *Walker v. City of Mesquite*, 313 F.3d

246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, *but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'*" (emphasis added)).  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green*, 284 F.3d at 662; *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Having reviewed the billing statement submitted by Girod, the Court finds that all of the hours billed by counsel were reasonably expended to litigate the motion to remand and to respond to Defendants' various filings before the District Court.  These were hours expended by counsel that would not have been incurred had the lawsuit remained in state court and had Defendants not improperly removed this lawsuit.  As noted above, the District Court resolved no substantive issue under state law in this litigation; it determined only whether or not it had federal subject-matter litigation.  Such an issue would never have needed to be litigated had this lawsuit remained in state court.  As such, the Court finds the hours expended reasonable.

### 3.    The *Johnson* Factors

As noted above, the lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve *Johnson* factors.  *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).  The *Johnson* factors are

> (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10)

undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

*See id.* at 717-19.[5] "'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436).

The lodestar is presumed to yield a reasonable fee. *La. Power*, 50 F.3d at 324. Additionally, the lodestar should be modified only in exceptional cases. *Fleming v. Elliott Sec. Sols., LLC,* No. CV 19-2348, 2021 WL 4908875, at *1 (E.D. La. Oct. 21, 2021) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Lastly, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Migis*, 135 F.3d at 1047. The Court finds that no further reduction or increase in the award is warranted by a consideration of the *Johnson* factors. This case is not exceptional and the applicable *Johnson* factors were considered in the above-analysis and are thus subsumed in the lodestar.

Accordingly, the distribution of fees is as follows:

| Name | Hours | Year | Hourly rate | Amount |
|------|-------|------|-------------|--------|
| J. Eric Lockridge | 5.8 | 2024 | $495.00 | $2,871.00 |
| Karli Johnson | 1.7 | 2024 | $480.00 | $816.00 |
| Katie Hollowell | 31.3 | 2024 | $335.00 | $10,485.50 |
| | | | **Total Recommended** | **$14,172.50** |

## III. Costs

Girod also seeks costs in the amount of $169.76, which is comprised of costs for printing copies and postage. The applicable law is that costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs.

---

[5] The *Johnson* factors are near identical to the twelve factors considered by Louisiana state courts when awarding attorneys' fees. These 12 factors are briefed in Girod's memorandum in support of its attorneys' fees.

Fed. R. Civ. P. 54(d).  28 U.S.C.A. § 1920 provides a list of fees that a judge may tax as costs, including: "fees for . . . transcripts necessarily obtained for use in the case" and "fees for . . . costs of making copies of any materials where the copies are necessarily obtained for use in the case."  These are the types of costs sought by Girod.  The Court will accordingly award all costs sought for a total of $169.76 in costs.

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Fix Attorneys' Fees (rec. doc. 36) filed by Plaintiff Girod LoanCo, L.L.C., be **GRANTED**, and Plaintiff Girod LoanCo, L.L.C., be awarded a total of $14,342.26 in attorneys' fees and costs.

New Orleans, Louisiana, this _22nd_ day of _____ May _____, 2025.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**